| | |
|---|---|
| UNITED STATES BANKRUPTCY COURT<br>DISTRICT OF NEW JERSEY<br><br>JULES L. ROSSI, ESQ. (1924)<br>208 MAIN STREET<br>ASBURY PARK, NJ 07712<br>T. (732) 774-5520<br>F. (732) 774-5870 Julrs7@aol.com<br>Attorney for Movant Debtor | |
| In Re:<br><br>FFH PROPERTIES, LLC,<br>　　　　　　　　　　Debtor | CASE NO. 14-33147-KCF<br>CHAPTER 11<br>JUDGE: Kathryn C. Ferguson<br>HEARING DATE: 2/3/2015—10 am |

## CERTIFICATION TO SUPPORT SALE OF REAL ESTATE

Jules L. Rossi certifies as follows:

1. I am the attorney for the debtor and I am fully familiar with the facts and circumstances surrounding the relief sought.

2. The chapter 11 was filed in this case to avoid the appointment of a Master by the Superior Court of New Jersey, Chancery Division, General Equity, Monmouth County, to avoid and stay the forced sale of the Debtor's commercial real estate, 243 Broadway Long Branch, NJ. The property was used as a funeral home by a company related to the debtor.

3. There appears to be equity in the property. The approximate value of the property is probably $800,000 to $900,000—the prepetition listing price was $949,000. That was the value set by the realtor who had the property listed for sale before the bankruptcy was filed. The mortgage payoff to TD Bank NA is $383,000 plus legal fees of approximately $60,000.00. The auctioneer fees and costs of sale will be approximately 10% of the sale price. Debtor has been making mortgage payments throughout this chapter 11 proceeding. In fact, there has not been a default in the principal and interest. This chapter 11 was precipitated by a failure of the Debtor to pay the real estate taxes in the approximate amount of $56,000, which resulted in TD Bank declaring the mortgage in default and accelerating the indebtedness. If the property sells for let's say—and very conservatively--$650,000, the breakdown would be as follows: $650,000-$65,000 (10% costs of sale)-$383,000 TDB Bank-$60,000=$142,000, which would be subject to paying an IRS claim for $8500—a rather enigmatic claim which is based on an alleged failure to file LLC returns for debtor. This claim will be challenged as will an alleged second mortgage, whose balance is guesstimated to be $60,000. This mortgage is vulnerable to being vitiated based of the statute of limitations. I submit that it is premature for me to move to have the second mortgage cancelled and discharged from the public records—may "nonjusticiable" at this time is a better

1

way to put it because we do not know whether the sale will bring sufficient proceeds to cover the second mortgage –assuming it were still viable.

4. I believe, as does debtor, a well-advertised sale conducted by an experienced auctioneer, such as Mr. Costanzo will bring in the highest and best price. The sale should generate sufficient proceeds to satisfy     and costs of sale. I observe that the Debtor has had the property listed with realtor and has tried to sell the property prior to the bankruptcy without any success.

5. In compliance with Appendix C of the Local Rules Of Bankruptcy Practice, I submit the following:

6. The Notice of Sale to be provided by the Auctioneer shall contain, but not be limited to, the following:

**Terms of Sale.** Public auction of 243 Broadway, Long Branch, NJ 07740. Cash. Property sold "As Is", to party who makes highest and best offer. The contingencies are: (a) Court approval of the sale (b) marketable and insurable title (c) property to be free from environmental problems (c) closing 30 days from the date of the auction—not less than 30 days to give the Debtor and its tenants time to remove themselves and their belongings from the property in an orderly manner (d) approval of sale by the lender (TD Bank) and Debtor; (d) good faith deposit as may be announced by the Auctioneer (deposit may be forfeited if bidder backs out of the deal where Seller can satisfy all conditions);(e) Seller obtaining an exemption of the NJ Realty Transfer Fee because this sale is a sale through a bankruptcy proceeding, although this contingency may be waived by Debtor; (f) Because this is a sale of all of Debtor's assets, Debtor will retain or have reasonable access to its books and records to enable Debtor to administer its bankruptcy case; (g) Subject to bidders abiding the terms and conditions prepared by the Auctioneer and distributed to prospective bidders at or prior to the auction sale; (h) Subject to bidders signing a contract to purchase the property which shall be given by the Auctioneer to all prospective bidders prior to the sale.

There are no leases to assume or be assigned. Debtor will not allow credit bidding. However, Debtor reserves the right to reconsider the credit bidding. The commission will be paid to Peter Costanzo, the auctioneer, upon approval by the Court. Usual closing adjustments will be made.

**Special Provisions.** As aforesaid, the sale shall be free and clear of liens and encumbrances, valid liens and encumbrances to attach to the proceeds of the sale. All liens and encumbrances and the amounts claimed are subject contest by the Debtor or any other interested party. Debtor knows, at this time, that if the sale generates proceeds in excess of the costs of sale and the satisfaction of the first mortgage held by TD Bank and TD Bank's attorney fees (Stark & Stark) that Debtor will take action to avoid the second mortgage on the basis, inter alia, that the statute of limitation bars the enforcement of the mortgage. The Debtor will most likely challenge the IRS claim on the basis that the Debtor, as a limited liability company, is not required to file the returns for which Debtor has been assessed late fees.

**Special Auction Provisions.** Bidders shall abide the terms of the Notice given the Auctioneer, including (1) Any deadlines for submitting a bid and the ability of a bidder to modify a bid not

2

deemed a qualified bid; (2) Any requirements regarding the form of a bid; (3) any requirement that a bid include good faith deposit, the amount of that deposit and the conditions under which the good faith deposit is not refundable and (3) Any other condition that Debtor requires for a bid to be considered a qualified bid or to permit a qualified bidder to bid at an auction regarding deadlines for submitting a bid and the ability of a bidder to modify a bid not deemed a qualified bid and any requirement regarding the form of a bid.

**Provisions Governing Qualification of Bidders.** The Auctioneer may place in the Notice of the Auction Sale provisions with respect to establishing that the bidder is a qualified bidder including, but not limited to, a prospective bidder's obligations to (1) Deliver financial information by a stated deadline to the Auctioneer; (2) Demonstrate its financial ability to consummate a sale; (3) Maintain the confidentiality of information obtained from the Debtor or Auctioneer or to execute a non-disclosure agreement (4) Making non-binding expression of interest or execute a binding agreement. In addition, the auctioneer's notice of the proposed auction sale shall specify the date, time and place at which the auction will be conducted and the method for providing notice to parties of such terms and any changes thereto; provided each bidder participating at the auction will be required to confirm that hit has not engaged in any bad faith or collusion with respect to the bidding or the sale; (C) sale at the auction will be conducted openly and that all parties in interest will be permitted to attend; (D) Provide that bidding at the auction will be documented, recorded or videotaped; (E) Specify that the Auctioneer's terms of retention and compensation and (F) Specify the date on which the court will consider whether to confirm the results of the auction and whether to approve the sale.

**Closing with Alternative Backup Bidders.** The Debtor may accept and close on alternative qualified bids received at the auction in the event that the bidder selected as the successful bidder at the conclusion of the auction fails to close the transaction within the specified.

7. No auctioneer shall be directly or indirectly interested in the sale or purchase of any of the assets or property of the estate being administered.

8. Upon completion of the sale, the auctioneer shall deliver to the trustee or debtor in possession all cash or its equivalent received from the sale. The auctioneer shall be liable for the collection and payment of the proceeds of sale.

9. No property shall be delivered to the successful bidder until payment of the balance of the bid price. All funds collected by the auctioneer on the date of delivery shall be promptly remitted to the trustee, together with a list setting forth the amount of each payment and from whom such payment was received.

10. I note that there is a private second mortgage on the property which is disputed. I intend to move before a state court for an order that the mortgage is unenforceable based on the statute of limitations. However, that may be moot if the sale does not reap a sufficient price to pay the second mortgage—assuming the second mortgage were could not be voided. This is one of the reasons why the sale motion proposes to sell the property free and clear of liens and encumbrances, valid liens and encumbrances shall attach to the proceeds of the sale. Essentially,

3

it would appear if the sale garners sufficient proceeds to satisfy the first mortgage and costs of sale that the second mortgage validity would then become an issue.

11. I note that what makes this sale unusual is that the property has been a funeral home for many years but the feasibility of selling it as a funeral home is not good and, therefore, the property will be available for any other permitted commercial use in the City of Long Branch.

12. The point here is that I submit that the public auction sale should be in the best interests of the debtor and because I believe that the auction should bring in the best price.

## CERTIFICATION

I certify that he foregoing statements made me are true to the best of my knowledge, information and belief. I am aware of the fact that if any such statement is wilfully false that I am subject to punishment.

12/31/2014                                      /s/ Jules L. Rossi
                                                Jules L. Rossi

4